UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

William Dean Carpenter,      )
                             )
        Petitioner,           )
                             )
    v.                        )   Civil Action No. 08 0062
                             )
U.S. Attorney General *et al.*,  )
                             )
        Respondents.          )

## MEMORANDUM OPINION

This matter is before the Court on the application for a writ of *habeas corpus*, brought *pro se*, and petitioner's application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner seeks to vacate a judgment of conviction imposed by the United States District Court for the Northern District of Oklahoma. He challenges the sentencing court's jurisdiction. Petitioner's remedy lies, if at all, in the sentencing court pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). Under that statute,

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court

which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Petitioner has not shown the inadequacy or ineffectiveness of the remedy available to him. This Court therefore lacks jurisdiction to entertain the petition.[1]

United States District Judge

Date: December 26, 2007

---

[1] A separate Order of dismissal accompanies this Memorandum Opinion.